# EXHIBIT

# 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION,

JARED I. MULLINGS,

                          Plaintiff,                    No: _____

          vs.

GORDON H. ANDERSON, individually
and as agent of USF, HOLLAND, INC,
and USF, HOLLAND, INC, an Alabama
corporation; and RICKY L.
ASHLESON, individually and as agent of          2016L006703
G&M RUNGE, INC., and G&M                        CALENDAR/ROOM H
RUNGE, INC, a Minnesota corporation.            TIME 00:00
                          Defendants.           PI Motor Vehicle

COMPLAINT AT LAW
COUNT I
*MULLINGS v. ANDERSON, Individually and as agent of USF, HOLLAND, INC, an Alabama corporation*

NOW COMES Plaintiff, **JARED I. MULLINGS**, by his attorneys, **ANKIN LAW OFFICE LLC**,

and complaining of Defendant, **GORDON H. ANDERSON**, (hereinafter referred to as "ANDERSON"),

states as follows:

1.      On and prior to October 28th, 2014, Illinois 90 was a public highway in the City of Chicago,

County of Cook, State of Illinois.

2.      On or about October 28th, 2014, at approximately 10:37pm., Plaintiff, **JARED I.**

**MULLINGS**, was operating a 2011 Toyota Camry northbound on Illinois 90 at or near Van Buren Street, in

the City of Chicago, County of Cook, State of Illinois.

3.      At the aforesaid time and place, Defendant, **ANDERSON**, was operating a 2014 Volvo Truck

Tractor northbound on Illinois 90 at or near Van Buren Street, in the City of Chicago, County of Cook, State of

Illinois.

4.      At the aforesaid time and place, Defendant, **ANDERSON**, owed the Plaintiff and others

lawfully on the roads a duty to operate his motor vehicle safely and to exercise ordinary care so as to not

negligently cause injury to those persons lawfully on the roadway to include Plaintiff herein, **JARED I.**

**MULLINGS**.

Page 1 of 7

5.     At the aforesaid time and place, Defendant, ANDERSON, drove his automobile into the automobile being driven by Plaintiff, JARED I. MULLINGS.

6.     At the aforesaid time there was in full force and effect the following Illinois Compiled Statute, 625 ILCS 5/11 – 601(a):

"No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to the traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

7.     In breach of his duty of care, Defendant, ANDERSON, was guilty of one or more of the following negligent acts and/or omissions:

(a)     operated, maintained and controlled his motor vehicle without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

(b)     operated, maintained and controlled his motor vehicle in violation of 625 ILCS 5/11 – 601(a);

(c)     failed to keep his automobile under control at all times;

(d)     failed to slow or stop his automobile to avoid colliding with the automobile being driven by Plaintiff, JARED I. MULLINGS;

(e)     was otherwise careless and negligent.

8.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, ANDERSON, Plaintiff, JARED I. MULLINGS, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of his maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which he might have otherwise been entitled.

WHEREFORE, Plaintiff, JARED I. MULLINGS, prays for judgment against Defendant, GORDON H. ANDERSON, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for exceeds injuries, losses and damages as herein above alleged, costs of

Page 2 of 7

suit, and any further relief which this Honorable Court finds fair and just.

**COUNT II**
*MULLINGS v. USF, HOLLAND, INC, an Alabama corporation- Respondent Superior*

NOW COMES Plaintiff, **JARED I. MULLINGS**, by his attorneys, ANKIN LAW OFFICE LLC, and complaining of Defendant, USF, HOLLAND, INC, (hereinafter referred to as "USF, HOLLAND, INC"), states as follows:

1.      Plaintiff, **JARED I. MULLINGS**, repeats and realleges numbers 1-7 of Count I herein.

8.      At the aforesaid time and place Defendant, **ANDERSON**, was an employee of Defendant, USF, HOLLAND, INC.

9.      At the aforesaid time and place, Defendant, **ANDERSON**, was operating a 2014 Volvo Truck Tractor in the course and scope of his employer, Defendant, **USF HOLLAND, INC**.

10.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, **ANDERSON**, acting within the scope of his employment as an employee of Defendant, USF, HOLLAND, INC., per Respondent Superior, Plaintiff, **JARED I. MULLINGS**, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of his maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which he might have otherwise been entitled.

WHEREFORE, Plaintiff, **JARED I. MULLINGS**, prays for judgment against Defendant, USF, HOLLAND, INC, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for exceeds injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

**COUNT III**
*MULLINGS v. ASHLESON, individually and as agent of G&M RUNGE, INC, a Minnesota corporation*

NOW COMES Plaintiff, **JARED I. MULLINGS**, by his attorneys, ANKIN LAW OFFICE LLC, and complaining of Defendant, RICKY L. ASHLESON, (hereinafter referred to as "ASHLESON"), states as follows:

Page 3 of 7

1. On and prior to October 28th, 2014, Illinois 90 was a public highway in the City of Chicago, County of Cook, State of Illinois.

2. On or about October 28th, 2014, at approximately 10:37pm., Plaintiff, **JARED L. MULLINGS**, was operating a 2011 Toyota Camry northbound on Illinois 90 at or near Van Buren Street, in the City of Chicago, County of Cook, State of Illinois.

3. At the aforesaid time and place, Defendant, **ASHLESON**, was operating a 2014 Kenworth Motor Truck northbound on Illinois 90 at or near Van Buren Street, in the City of Chicago, County of Cook, State of Illinois.

4. At the aforesaid time and place, Defendant, **ASHLESON**, owed the Plaintiff and others lawfully on the roads a duty to operate his motor vehicle safely and to exercise ordinary care so as to not negligently cause injury to those persons lawfully on the roadway to include Plaintiff herein, **JARED L. MULLINGS**.

5. At the aforesaid time and place, the automobile directly behind Plaintiff, **JARED L. MULLINGS**, drove into the automobile being driven by Plaintiff, **JARED L. MULLINGS**.

6. At the aforesaid time and place, Defendant, **ASHLESON**, drove his automobile into the automobile directly behind the automobile being driven by Plaintiff, **JARED L. MULLINGS**, further propelling said automobile into the automobile being driven by Plaintiff, **JARED L. MULLINGS**.

7. At the aforesaid time there was in full force and effect the following Illinois Compiled Statute, 625 ILCS 5/11 – 601(a):

"No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to the traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

8. In breach of his duty of care, Defendant, **ASHLESON**, was guilty of one or more of the following negligent acts and/or omissions:

Page 4 of 7

(a)    operated, maintained and controlled his motor vehicle without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

(b)    operated, maintained and controlled his motor vehicle in violation of 625 ILCS 5/11 – 601(a);

(c)    failed to keep his automobile under control at all times;

(d)    failed to slow or stop his automobile to avoid colliding with the automobile being driven by Plaintiff, JARED I. MULLINGS;

(e)    was otherwise careless and negligent.

9.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, ASHLESON, Plaintiff, JARED I. MULLINGS, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of his maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which he might have otherwise been entitled.

WHEREFORE, Plaintiff, JARED I. MULLINGS, prays for judgment against Defendant, RICKY L. ASHLESON, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for exceeds injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

COUNT IV
*MULLINGS v. G&M RUNGE, INC, a Minnesota corporation- Respondent Superior*

NOW COMES Plaintiff, JARED I. MULLINGS, by his attorneys, ANKIN LAW OFFICE LLC, and complaining of Defendant, G&M RUNGE, INC, (hereinafter referred to as "G&M RUNGE, INC"), states as follows:

1.    Plaintiff, JARED I. MULLINGS, repeats and realleges numbers 1-7 of Count III herein.

8.    At the aforesaid time and place, Defendant, ASHLESON, was an employee of Defendant, G&M GRUNGE, INC.

9.    At the aforesaid time and place, Defendant, ASHLESON, was operating a 2014 Kenworth Motor Truck in the course and scope of his employer, Defendant, G&M GRUNGE, INC.

10.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions

of Defendant, ASHLESON, acting in the scope of his employment as an employee of Defendant, G&M

GRUNGE, INC., per Respondent Superior,  Plaintiff, JARED I. MULLINGS, sustained serious and

permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will

in the future expend, great sums of money to be healed and cured of his maladies; suffered, and will in the

future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings

to which he might have otherwise been entitled.

WHEREFORE, Plaintiff, JARED I. MULLINGS, prays for judgment against Defendant, G&M

RUNGE, INC, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately

compensate the Plaintiff for exceeds injuries, losses and damages as herein above alleged, costs of suit, and

any further relief which this Honorable Court finds fair and just.


JARED I. MULLINGS, Plaintiff

Attorney for Plaintiff _____

Attorney #35193
Ankin Law Office LLC
10 N Dearborn Suite 500
Chicago, Illinois 60602
312.346.8780
jtopolewski@ankinlaw.com


Page 6 of 7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION,

JARED I. MULLINGS,

                Plaintiff,           No: _____

vs.

GORDON H. ANDERSON, individually
and as agent of USF, HOLLAND, INC,
and USF, HOLLAND, INC, a Michigan
corporation; and RICKY L.
ASHLESON, individually and as agent of
G&M RUNGE, INC., and G&M
RUNGE, INC, a Minnesota corporation
                Defendants.

## RULE 222(B) AFFIDAVIT

I, JON M. TOPOLEWSKI, being first duly sworn on oath, depose and state that the

amount of damages sought in the above-captioned cause of action exceeds, $50,000.00

for the Plaintiff.

                              By: _____
                                   Attorney for Plaintiff

Attorney #35193
Ankin Law Office LLC
10 N Dearborn Suite 500
Chicago, Illinois 60602
312.346.8780
jtopolewski@ankinlaw.com

Page 7 of 7